IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kendall Kenneth Turner, ) | Civil Action No. 2:18-0908-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Detective Sgt. Donald Daquigan, ) | |
| Charleston Police Department, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 13) recommending that Plaintiff's Complaint (Dkt. No. 1) be dismissed without prejudice. For the reasons set forth below, the Court adopts in part and declines to adopt in part the R & R, and dismisses the Complaint with prejudice.

## I. Background

Plaintiff brings this suit against Detective Sergeant Daquian and the Charleston Police Department for violating his civil rights under 42 U.S.C. § 1983. Plaintiff alleges that there was a pending active warrant for his arrest when he was released from jail in July 2016, and that Defendants should have served the warrant on him when he was still in detention instead of upon his release. (Dkt. No. 1 at 6.) Plaintiff alleges that Defendants' conduct caused him "loss of time," for which he seeks money damages, because the criminal charge on which he was arrested "should have been dismiss[ed.] (Dkt. No. 1 at 6.)

## II. Legal Standard

### A. Review of R & R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the

Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a petitioner has not objected to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## B. Complaint for Violation of Civil Rights by Malicious Prosecution

A plaintiff may sue a state or local official for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. The Court will liberally construe a complaint brought by a *pro se* litigant in order to allow a potentially meritorious case to develop. *See, e.g., Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Nonetheless, the plaintiff must plead facts that plausibly give rise to a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To bring a Section 1983 claim, the plaintiff must sufficiently allege that the state or local actor deprived plaintiff of a right secured by the Constitution or federal laws and that the deprivation was performed as a state action and not private conduct. *See, e.g., Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Where the underlying misconduct alleged on a Section 1983 claim seeking damages is "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been invalidated is not cognizable under § 1983." *Id.* at 487 (emphasis in original). This "favorable termination" requirement, in sum, "precludes a prisoner from a collateral attack that might result in two inconsistent results—for example, a valid criminal conviction and a valid civil judgment under § 1983 for monetary damages due to unconstitutional conviction or imprisonment." *Wilson v. Johnson*, 535 F.3d 262, 263, 265 (4th Cir. 2008) (reversing district court to allow prisoner's Section 1983 claim for damages for unconstitutional imprisonment where claim's success would not impugn validity of conviction and was plaintiff's only access to judicial forum because habeas relief was not available).

## III.    Discussion

Because Petitioner made no objections to the R & R, the Court reviews the R & R for clear error. On review of the record, the Court finds that the Magistrate Judge correctly identified Petitioner's Complaint as failing to set forth a cognizable claim under Section 1983.

In the Complaint, Plaintiff is silent when asked to specify which constitutional or statutory rights he believes were violated and how the Defendants acted under the color of law. (Dkt. No. 1 at 4.) Instead, Plaintiff describes that Defendants "had plenty [of] time to serve [the] warrant" and Defendants "know" Plaintiff was incarcerated when the arrest warrant was pending and, therefore, "should have serve[d] warrant on me when I was in the jail." (Dkt. No. 1 at 5-6.) For knowingly waiting to serve Plaintiff with an arrest warrant until he was out of jail, Plaintiff alleges he is due "money for loss of time cause now I'm doing time for it now, this charge should been dismiss." (Dkt. No. 1 at 6.) The Court accepts the Magistrate Judge's characterization of Plaintiff's description of Defendants' alleged misconduct as a claim for malicious prosecution. (Dkt. No. 13 at 4.)

-3-

Having brought a claim for civil rights violations on the basis of malicious prosecution, Plaintiff must demonstrate that the underlying conviction or sentence has been invalidated such that the success of the claim would not impugn the conviction or sentence. Even when liberally construed, the Complaint does not plausibly plead that Plaintiff's conviction or sentence has been invalidated, nor that the successful claim would not otherwise impugn the conviction or sentence, nor that Plaintiff is precluded from seeking habeas relief.

### IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the R & & of the Magistrate Judge. (Dkt. No. 13). The Court **DECLINES TO ADOPT** the recommendation for dismissal without prejudice and otherwise **ADOPTS** the R & R. Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**. The Court finds that the Complaint is a frivolous filing and therefore counts as a strike under 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 3, 2018
Charleston, South Carolina